UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| ANGEL FLORES, ) | CASE NO. 4:09CV1462 |
| ) | |
| Petitioner, ) | JUDGE JAMES S. GWIN |
| ) | |
| -vs- ) | |
| ) | |
| RODDIE RUSHING, et al., ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Respondents. ) | |

Before the court is pro se petitioner Angel Flores's petition pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Elkton, Ohio ("F.C.I. Elkton"), claims irregularities in the prison's disciplinary hearing process tainted his prison charge for with inciting a group demonstration. He seeks the restoration of Good Credit Time (GCT) forfeited as a result of a infraction.

*Background*

On April 19, 2008, an officer at N.E.O.C.C. observed petitioner banging on his cell door. After yelling during the process of banging, petitioner was next observed kicking his food

from under the cell door.  Sgt.  Rexroad was called, who then arrived at Mr.  Flores's door asking why food and orange drink were poured all over the dayroom in front of his door.  Petitioner answered, "That's what I do with it."  (Inc. Rpt. at p. 3.)  He then started kicking cell the door and yelling in Spanish.  At that point the entire pod began pounding on their cell doors.

The following day an incident report was issued charging Mr.  Flores with Engaging in a Group Demonstration in violation of Code 212.  A copy of the report was provided to petitioner at 8:50 p.m. that evening.  Staff member Yolanda Payne advised of him of his due process rights on April 24, 2008, with a written copy attached.  A Disciplinary Hearing was held on July 3, 2008, wherein petitioner denied the charge.  The DHO read petitioner's due process rights to him and, again asked if petitioner understood his due process rights.  Petitioner, again stated he understood his rights.

During the Hearing, petitioner requested the representation of Correctional Officer D. Gonzalez.  No witnesses were called.  And Mr. Flores declined the offer of an interpreter.  Still, he was advised that "if at any time you did not understand anything, you were to stop the hearing and have him interpret for you."  (Inc. Rpt. at p. 4.)

Ultimately, the DHO relied on petitioner's statement and the statement of the reporting officer to determine the prohibited act was committed as charged.  A report was issued July 11, 2008, sanctioning petitioner with the loss of 27 days GCT, 27 days in disciplinary segregation and lost commissary privileges for 90 days.  Mr.  Flores refused to sign the DHO's report.

Mr.  Flores appealed the decision arguing there was insufficient evidence to convict him and the loss of 27 days GCT was too harsh.  The appeal was denied.

*Analysis*

In his petition before this court, Mr. Flores argues the loss of 27 days GCT was illegal and unreasonable. He notes further that "high officials" who were instrumental in his alleged violation were recently removed from the prison. Since the date the incident report was issued, "most of the MAIN ACTORS of my unlawful GCT disallowance have been FIRED and/or are under investigation by law enforcement agencies." (Pet. Mem. Supp. at 2)(emphasis in original.) This allegedly suggests N.E.O.C.C. operated in an atmosphere of corruption at the time he was charged. Three months after he was placed in segregation, DHO Arvelo, "who was acting unlawfully as Unit Manager and DHO" was replaced by Jason Cominsky who "rubber-stamped the report and sanctioned me with loss of 27 days of Good Conduct Time, 27 days for disciplinary segregation and a loss of my commissary privileges for 90 days." (Pet. Mem. Supp. at 1.) He considers these sanctions draconian and a violation of his Eighth Amendment. Moreover, respondents' actions are allegedly in retaliation for exercising his First Amendment right.[1]

Mr. Flores complains further that he was not given credit for the time he was held in segregation before the DHO imposed sanctions. In addition, he claims the DHO refused to translate his hearing or to hear his "main witness" Officer Gonzales, who "admitted picking the wrong inmate for discipline." (Pet. Mem. Supp. at 2.) He asserts this is a violation of his right to due process. These specific allegations were not, however, contained in petitioner's administrative appeal.[2]

*Due Process Violations*

---

[1] Petitioner does not explain how he exercised his First Amendment rights.

[2] It does not appear petitioner fully exhausted his administrative remedies regarding his 'lack of evidence' argument. Because this issue clearly lack merit, however, his failure to fully exhaust will not bar the court's review.

3

A prison disciplinary decision comports with the requirements of due process "if some evidence supports the decision by the prison disciplinary board. Superintendent, Mass. Corr. Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credibility or weighing of evidence by the federal courts. Id. Consequently, a prison disciplinary decision should be upheld if "some evidence" in the record supports the decision. Id. at 455-56.

The record in this case reveals an evidentiary basis for the DHO's decision. First, the incident report indicates an officer witnessed Mr. Flores banging on his cell door.  Shortly thereafter, several other inmates joined in the chorus of banging after petitioner's admission and declaration that he willfully threw his food and beverage on the floor.  Second, petitioner never denied the provocative gesture of throwing his food and, if he called a witness to testify that another inmate was banging on his cell door, there is no record of it in the DHO hearing.  If the DHO's alleged failure to address his witness was really cause for concern, Mr. Flores needed to include that fact in his administrative appeal, which he did not. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (exhaustion of administrative remedies with the BOP necessary before judicial review)( per curiam).

The DHO weighed the evidence and found that Mr. Flores "committed the prohibited act(s) of Engaging in or Encouraging a Group Demonstration." Because the DHO's decision is supported by "some evidence" in the record, petitioner's substantive due process claim lacks merit. See id. The record clearly reveals that petitioner received all due process protections required by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Therefore, his habeas corpus petition is denied.

*Eighth and First Amendment Violations*

Mr. Flores cannot establish that respondents' actions constituted retaliation for the

exercise of his First Amendment rights or violations of the Eighth Amendment. First, he has not articulated how he attempted to exercise a right protected by the First Amendment. See Herron v. Harrison, 203 F.3d 410, 415 (6th Cir.2000). Second, even if he claims his segregation, loss of GCT commissary privileges were to act as a deterrent, the sanctions he received were typical for a Code 212 violation. Considered a High Category offense, Code 212 violations require that the DHO "impose and execute one or more of sanctions A through M." 28 C.F.R. § 541.13. While "[s]anction B.1 ordinarily must be imposed for a VCCLEA inmate rated as violent and for a PLRA inmate,"[3] Mr. Flores has not asserted that he falls outside of either eligible categories. Loss of commissary privileges and segregation are provided as sanctions under D. and G. of Table 3. Without an allegation that the sanctions were beyond those provided within the regulations, petitioner has no claim.

*Conclusion*

Accordingly, the request to proceed in forma pauperis is granted and the petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 29, 2009         s/    *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED   STATES   DISTRICT   JUDGE

---

[3] Sanction B.1 permits the DHO to: "Disallow ordinarily between 25 and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended)." 28 C.F.R. § 541.13, Table 3- -Prohibited Acts and Disciplinary Severity Scale.